UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHANICE SMITH<br>Plaintiff<br><br>v.<br><br>CITY OF HARTFORD AND<br>CECILIA DRAYTON<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO.: 3:26-cv-00855-OAW<br><br><br><br><br><br><br>SEPTEMBER 8, 2026 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

**JURISDICTION AND VENUE**

1. As to paragraph 1, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

2. As to paragraph 2, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

3. As to paragraph 3, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

**PARTIES**

4. As to paragraph 4, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

5. That portion of paragraph 5 which states, "Defendant City of Hartford is a municipal corporation organized under the laws of the State of Connecticut, with

principal offices at 550 Main Street, Hartford, Connecticut," is admitted. As to the remainder of paragraph 5, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

6. That portion of paragraph 6 which states, "Defendant Cecilia Drayton was, at all relevant times, the City's Director of Sustainability and Plaintiff's direct supervisor," is admitted. As to the remainder of paragraph 6, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

**FACTUAL ALLEGATIONS**

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. That portion of paragraph 9 which states, "worked in the Mayor's office," is denied. The remainder of paragraph 9 is admitted.

10. Those portions of paragraph 10 which state, "Plaintiff's position was presented to her as a grant-funded position," and "she accepted the position," are admitted. As to the remainder of paragraph 10, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

11. That portion of paragraph 11 which states, "As part of her job, Plaintiff worked on grant administration," is admitted. The remainder of paragraph 11 is denied.

12. Paragraph 12 is denied.

13. As to paragraph 13, the defendants admit that Ms. Drayton instructed

Plaintiff to prepare the grant report for submission by December 30, 2025, per the request of the U.S. Department of Agriculture. The remainder of paragraph 13 is denied.

14. That portion of paragraph 14 which states, Plaintiff "explained to Drayton that the grant award language appeared to require semiannual reports to be submitted thirty days after the reporting period ending June 30 and December 31," is admitted. The remainder of paragraph 14 is denied.

15. As to paragraph 15, the defendants admit that Ms. Drayton instructed Plaintiff to prepare the grant report for submission by December 30, 2025, per the request of the U.S. Department of Agriculture. The remainder of paragraph 15 is denied.

16. Paragraph 16 is admitted.

17. That portion of paragraph 17 which states, "on December 19, 2025, Defendant Drayton met with Plaintiff," is admitted. The remainder of paragraph 17 is denied.

18. Paragraph 18 is denied.

19. As to paragraph 19, the defendants admit that Ms. Drayton advised Plaintiff that the USDA had requested reports by the end of December and that they were not at liberty to disregard that directive.

20. As to paragraph 20, the defendants admit that Plaintiff engaged in miscommunication with the Chief Executive Officer of a grant partner. The remainder of paragraph 20 is denied.

21. Paragraph 21 is denied.

22. As to paragraph 22, the defendants deny any wrongdoing. The alleged email speaks for itself.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. As to paragraph 26, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

27. As to paragraph 27, the defendants admit that the Plaintiff left reports on Ms. Drayton's desk while Ms. Drayton was away from the office. The remainder of paragraph 27 is denied.

28. As to paragraph 28, the defendants admit that, on January 5, 2026, Plaintiff was asked to provide the supporting documentation for the grant report which she had not previously provided.

29. As to paragraph 29, the defendants admit that Plaintiff notified Ms. Drayton that she had been coded as a general fund employee. The remainder of paragraph 29 is denied.

30. That portion of paragraph 30 which states, "On the same day, Plaintiff went to human resources," is admitted. The remainder of paragraph 30 is denied.

31. Paragraph 31 is denied.

32. As to paragraph 32, the defendants admit that, on January 5, 2026, Plaintiff attended a meeting with Ms. Drayton and a HR representative. As to the remainder of paragraph 32, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

33. As to paragraph 33, the defendants admit that, on January 5, 2026, Plaintiff was told that she was being separated from employment. As to the remainder of paragraph 33, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

34. Paragraph 34 is admitted.

35. As to paragraph 35, the defendants admits that the HR representative told Plaintiff that her services were no longer needed. The remainder of paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is admitted.

38. Paragraph 38 is admitted.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied.

41. As to paragraph 41, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

**COUNT ONE: RETALIATION UNDER THE FALSE CLAIMS ACT**

42. The answers to paragraphs 1-41 above are hereby incorporated and made the answers to paragraphs 1-41 of Count One as if fully set forth herein.

43. As to paragraph 43, the defendants do not respond because said allegations call for a legal conclusion.

44. Paragraph 44 is denied.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

**COUNT TWO: CONNECTICUT WHISTLEBLOWER RETALIATION**

49. The answers to paragraphs 1-48 above are hereby incorporated and made the answers to paragraphs 1-48 of Count Two as if fully set forth herein.

50. As to paragraph 50, the defendants do not respond because said allegations call for a legal conclusion.

51. Paragraph 51 is denied.

52. Paragraph 52 is denied.

53. Paragraph 53 is denied.

54. Paragraph 54 is denied.

55. As to paragraph 55, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

56. Paragraph 56 is denied.

**COUNT THREE: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

57. The answers to paragraphs 1-56 above are hereby incorporated and made the answers to paragraphs 1-56 of Count Three as if fully set forth herein.

58. As to paragraph 58, the defendants do not respond because said allegations call for a legal conclusion.

59. As to paragraph 59, the defendants do not have sufficient knowledge or

information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied.

DEFENDANTS,
CITY OF HARTFORD and CECILIA DRAYTON

By *<u>/s/ Alexandria L. Voccio</u>*
Alexandria L. Voccio
ct21792
Maccini & Voccio, LLC
1090 Elm Street, Suite 200A
Rocky Hill, CT 06067
(860) 740-2535
avoccio@maccinivoccio.com

## CERTIFICATION

This is to certify that, on **September 8, 2026**, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Alexandria L. Voccio*
Alexandria L. Voccio